

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JUAN PORTILLO,<br><br>    Petitioner,<br><br>    v.<br><br>DOMINGO URIBE, JR., Warden,<br><br>    Respondent. | Case No. CV 09-2333-FMC (MLG)<br><br>MEMORANDUM AND ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY |

### I. Factual and Procedural Background

Petitioner is a state prisoner currently incarcerated at the Centinela State Prison in Imperial, California. He filed this petition for writ of habeas corpus on April 3, 2009. Because this is Petitioner's second petition challenging the identical underlying state court conviction, this petition must be dismissed as successive under 28 U.S.C. § 2244(b)(3)(A).

The petition challenges a June 1993 judgment from the Los Angeles County Superior Court, in which Petitioner was sentenced to a term of life plus three years following his conviction of two counts of

attempted murder and a finding of true on the enhancement allegation that he personally used a firearm. Cal. Penal Code §§ 664/187, 12022.5(a). The California Court of Appeal affirmed the judgment in September 1994. The California Supreme Court denied review in December 1994.

Between 1998 and 2002, Petitioner filed a series of habeas corpus petitions in the California courts, all of which were denied. On October 2, 2002, Petitioner filed a petition for writ of habeas corpus in this court, challenging the June 1993 judgment. *Portillo v. Giurbino*, Case No. CV 02-7684-LGB (PLA). On April 16, 2003, an order and judgment were entered dismissing the petition with prejudice on the basis that it was untimely filed. 28 U.S.C. § 2244(d)(1). This Court denied a certificate of appealability on May 7, 2003. The United States Court of Appeals for the Ninth Circuit did likewise on October 23, 2003.

The current petition reveals that in May 2007, Petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court, alleging that the conviction should be reversed based upon newly discovered evidence.[1] The petition was denied on August 3, 2007.[2] Habeas corpus petitions raising the same issue were denied by the California Court of Appeal on June 8, 2008 and by the California Supreme Court on December 17, 2008.

---

[1] The newly discovered evidence was a sworn statement by a convicted co-defendant of Petitioner's, Mauro Hernandez, stating that Petitioner was not the individual who used the firearm, but rather, the firearm was used by a second convicted co-defendant, Mario Lux. All three men were present at the time of the shootings.

[2] Another habeas corpus petition, dated December 9, 2007, was filed in the superior court and denied on May 8, 2008. The Court noted that Portillo had not made out a prima facie case for relief and that the Hernandez statement was not newly discovered.

This petition followed. Padilla again challenges the state court judgment entered in June 1993, raising the newly discovered evidence claim recently rejected by the California courts. For the reasons set forth below, the petition is ordered dismissed without prejudice to Petitioner's right to apply for leave to file a successive petition with the United States Court of Appeals for the Ninth Circuit.

**II. Discussion.**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may summarily dismiss a habeas petition, *before the respondent files an answer,* "[i]f it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." The notes to Rule 4 state: "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998). It is beyond question that this Court lacks jurisdiction to review this petition without authorization from the court of appeals. Accordingly, summary dismissal of this petition is warranted.

This petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA"), enacted on April 24, 1996. Among other things, AEDPA amended 28 U.S.C. § 2244 to require that "[b]efore a second or successive application [for writ of habeas corpus] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section

1  2244(b)(3)(A) explicitly provides that a *second and/or successive*
2  petition, like the one in this case, requires Ninth Circuit approval
3  before it can be considered by the district court. *Burton v. Stewart*,
4  549 U.S. 147, 153 (2007). This Court must dismiss any second or
5  successive petition unless the court of appeals has given Petitioner
6  leave to file the petition because a district court lacks
7  subject-matter jurisdiction over a second or successive petition.
8  *Burton*, 549 U.S. at 157.

9  A claim in a second or successive habeas petition which was not
10 previously presented may be considered if the petitioner shows that the
11 factual predicate for the claim could not have been discovered
12 previously through the exercise of reasonable diligence. 28 U.S.C. §
13 2244(b)(2)(B)(i). However, a petitioner is still required to seek
14 authorization from the court of appeals in order to have the district
15 court consider the petition. 28 U.S.C. § 2244(b)(3)(A), *see also Reyes*
16 *v. Vaughn*, 276 F.Supp.2d 1027, 1030 (C.D.Cal. 2003) ("[T]o the extent
17 that petitioner would like to show that he falls within one of the
18 exceptions to dismissal of successive habeas petitions, 28 U.S.C. §
19 2244(b)(2)(B), he must first present any such claim to the Court of
20 Appeals rather than to this Court.") This is so even if the dismissal
21 of the earlier petition was based upon the failure to comply with the
22 one-year statute of limitations. *Murray v. Greiner*, 394 F.3d 78, 81
23 (2d Cir.2005) ("[D]ismissal of a § 2254 petition for failure to comply
24 with the one-year statute of limitations constitutes an adjudication on
25 the merits that renders future petitions under § 2254 challenging the
26 same conviction 'second or successive' petitions under § 2244(b).");
27 *Reyes*, 276 F.Supp.2d at 1029 (same).
28 //

This petition was filed without leave of the Ninth Circuit. Until the Ninth Circuit authorizes the filing of this petition, this Court lacks jurisdiction to consider the merits. *See Burton*, 549 U.S. at 157; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001). Accordingly, dismissal of the petition without prejudice is required.

### III. Order.

In accordance with the foregoing, IT IS HEREBY ORDERED that the petition is DISMISSED without prejudice to petitioner's applying to the United States Court of Appeals for the Ninth Circuit for leave to file a second or successive petition.

IT IS FURTHER ORDERED that the clerk shall serve a copy of this order on Petitioner and the Attorney General for the State of California.

Dated: April 24, 2009

Florence-Marie Cooper
United States District Judge

Presented by:

Marc L. Goldman
United States Magistrate Judge